UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                      Case No.: 13-28132-PGH
**CLAUDIA MARTINS,**
    **Debtor.**_____/

### MOTION TO APPROVE  PROPOSED MORTGAGE MODIFICATION WITH RUSHMORE LOAN MANAGEMENT SERVICES, LLC AS SERVICER FOR U.S.BANK NATIONAL ASSOCIATION

COMES NOW the Debtor, Claudia Martins, by and through undersigned counsel, and requests an Order approving the proposed modification of her first mortgage with Rushmore Loan Management Services, LLC, as servicer for U.S. Bank National Association and in support thereof states:

1. Debtor was offered a proposed mortgage modification from Carrington Mortgage Service, LLC, as servicer ("Carrington") for U.S. Bank National Association ("Lender").

2. Carrington and Debtor executed the proposed Loan Modification Agreement (copy attached as Exhibit "A") .

3. Before Debtor could file a Motion with the Court to obtain approval of the Loan Modification Agreement, Debtor received Notification Of Assignment ( copy attached as Exhibit "B") from Rushmore Loan Management Services, LLC ( "Rushmore") that the servicing of the subject mortgage had been assigned to Rushmore effective July 1, 2014(also as indicated at ECF#39 filed August 8, 2014).

4. An exchange of emails between an employee of counsel for Debtor and Rushmore confirmed that Rushmore intended to honor the proposed loan modification agreement agreed to by Carrington.

5. An email of August 7, 2014 from Rushmore states in part, " Since we are now servicing the loan, we have to honor the mod agreement that was extended to your client by Carrington,…" (copy attached as exhibit "C")

6. Debtor requests approval from the Court to enter into a modification of her mortgage with Lender.

**WHEREFORE,** the Debtor respectfully requests an Order consenting to the modification of her first mortgage, now serviced by Rushmore Loan Management Services, LLC, as servicer for U.S. Bank National Association, as set forth in the Loan Modification Agreement, and for any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 11 th day of August, 2014.

Van Horn Law Group, P. A.
 330N Andrews Ave.
Suite 450
Fort Lauderdale, FL 33301
(954) 607-7168
(954) 765-7103 (fax)
Chad@cvhlawgroup.com

By: **/s/ Chad T. Van Horn**
Chad T. Van Horn, Esq
Florida Bar No. 064500

.

Investor Loan # _____

**After Recording Return To:**

_____
_____
_____

This document was prepared by _____

_____[Space Above This Line For Recording Data]_____

# LOAN MODIFICATION AGREEMENT (Life of Loan)

06/10/14


7000036287

CLAUDIA MARTINS
18421 SPANISH ISLES CT
BOCA RATON    FL 33496-1814

**Property Address:**
18421 SPANISH ISLES COURT
BOCA RATON    FL 33496

Carrington Mortgage Services, LLC, as servicer and authorized agent of U.S. BANK NATIONAL ASSOCIATON, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-9 (the "Lender"), is offering you this Loan Modification Agreement ("Agreement"), dated 06/10/14 (the "Effective Date"), which modifies the term of your existing mortgage loan as described in detail below.

## I. DEFINITIONS

**"Mortgage"** shall mean the mortgage, deed of trust, security deed or other security instrument encumbering the Property and corresponding to the above CMS Loan Number and recorded in the public records of County.

**"Note"** shall mean the note or other instrument of the same date and secured by the Mortgage

**"Property"** shall mean the real and personal property described in the Mortgage and located at:

18421 SPANISH ISLES COURT
BOCA RATON    FL 33496

**"Balloon Payment"** shall mean a final payment of the then-outstanding principal balance plus all earned interest remaining unpaid and due on the earlier of (i) the date you sell the property securing the Mortgage, (ii) the date you refinance the loan, (iii.) the date the loan is paid in full, or (iv) the Maturity Date

**"Deferment"** shall mean any portion of the unpaid principal balance of the Note and Security Instrument that has been deferred, interest free

**"Write Off"**, as referenced in this agreement, includes any of the following (i.) unpaid and deferred interest, (ii) deferred principal, (iii.) escrow advances, (iv) administrative fees, (v.) unpaid late fees, or other costs that have been forgiven and waived from your account and shall not be subject to any collection efforts by CMS

For the purposes of this document "You/Your" shall mean the mortgagor/borrower on the Note and Mortgage and shall signify the singular or plural, where appropriate, if more than one mortgagor/borrower is executing this document

DC752                                  7000036287                                  Page 1 of 6



1610 E. St Andrew Place, Santa Ana, CA 92705
(866) 874-5860

## II. TERMS AND CONDITIONS

If your representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.   **Representations and Covenants.** You certify, represent to Lender, covenant and agree:

   A.   You are experiencing a financial hardship, and as a result, (i.) you are in default under the Loan Documents or default is imminent, and (ii.) you do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B.   At least one of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

   C.   There has been no impermissible change in the ownership of the Property since you signed the Loan Documents. A permissible change would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D.   You have provided documentation for **all** income that your household receives;

   E.   Under penalty of perjury, all documents and information you have provided to the Lender in connection with this Agreement, including the documents and information regarding your eligibility for the Program, are true and correct;

2.   **Acknowledgements and Preconditions to Modification.** You understand and acknowledge that:

   A   If prior to the Modification Effective Date as set forth in Section 3 The Lender determines that any of the representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B   The Loan Documents will not be modified unless (i) The Lender receives an executed copy of this Agreement, bearing your signature, on or prior to the last business day of the month following the Effective Date and (ii.) the Modification Effective Date (as defined in Section 3) has occurred. You further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if you fail to meet any one of the requirements under this Agreement

   C.   You agree that failure to pay the initial payment due on **07/01/14** (the, First Payment Due Date") shall be considered a breach of this Agreement and this Agreement will terminate. The Lender shall immediately resume any pending foreclosure action or proceeding. A new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action ("Foreclosure Notices") You waive any and all rights to receive such foreclosure notices to the extent permitted by applicable law



1610 E. St Andrew Place, Santa Ana, CA 92705
(866) 874-5860

### III. MODIFICATION TERMS

If your representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 06/01/14 (the "Modification Effective Date").

1. **Upon the Modification Effective Date** your loan will be modified as follows:

    A. The New Principal Balance of your Note will increase by all amounts and arrearages that will be past due as of the Modification Effective Date including unpaid and deferred interest, escrow advances, fees, and other costs in the amount **$97,590.00** ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to your Loan.

    B. Your modification includes a reduction of principal balance ("Deferment") in the amount **$164,784.30**. You understand that the Deferment, if any, shall become payable as a Balloon Payment.

    C. The total amount of Write Off included in your modification is **$3,465.00** This Write Off amount constitutes a forgiveness of debt and you understand and agree that you will not be required to repay this amount. (Defined in Section I.)

    D. Upon the Modification Effective Date you understand that the new interest bearing principal balance (the "Modified Balance") of your Note will be **$138,641.21** and that interest will begin to accrue on the Modified Balance based on the interest rate in effect under this Agreement which would not happen without this Agreement.

    E. Your modified monthly payment is calculated using a **480 month** amortization period. You understand that any increase in the amortization period can result in a Balloon Payment.

    F. The Maturity Date of your loan is **12/01/36**.

| CURRENT LOAN TERMS | |
|---|---|
| P&I Payment | $1,386.08 |
| Escrow Payment | $331.33 |
| Total Monthly Payment | $1,717.41 |
| Contractual Due Date | 11/01/09 |

| MODIFIED LOAN TERMS | |
|---|---|
| P&I Payment | $623.28 |
| *Tax Escrow Payment | $109.71 |
| *Insurance Escrow Payment | $221.62 |
| Total Monthly Payment | $954.61 |
| First Payment Due Date | 07/01/14 |

| | |
|---|---|
| Interest Rate | 6.80000% |

| | |
|---|---|
| Interest Rate | 4.50000% |

| | |
|---|---|
| Previous Deferment | $0.00 |

| | |
|---|---|
| Capitalization | $97,590.00 |
| Additional Deferment | $164,784.30 |
| Write Off | $3,465.00 |
| Modified Balance | $138,641.21 |

| | |
|---|---|
| Principal Balance | $205,835.51 |

| | |
|---|---|
| Amortization Period | 360 Months |

| | |
|---|---|
| Amortization Period | 480 Months |



1610 E. St. Andrew Place, Santa Ana, CA 92705
(866) 874-5860

*Escrow payments may be adjusted periodically in accordance with applicable law and therefore your total monthly payment may change accordingly. Your modified monthly payment may change if your account is subject to an escrow account and analysis for property taxes and insurance premiums. If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage and can either be paid in a lump sum **$ 2990.73** when the loan is modified or over the next **60 months** in the amount of **$49.85** per month in addition to your modified monthly mortgage payment.

G. You understand that your new modified interest rate, described in the above Table, will remain fixed until the original Maturity Date of your loan.

H. You understand and agree that if you still owe any amounts under the Loan Documents due to any applicable Deferment and / or increase in the amortization period, you will be responsible to pay those amounts as a Balloon Payment (Defined in Section I)

I. You understand and agree that by accepting this Loan Modification your credit score may be adversely affected, however CMS will not make inaccurate payment delinquency reports to any credit reporting agencies provided you are making your reduced modification payments in a timely manner. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

J. You will be in default if you do not comply with the terms of the Loan Documents, as modified by this Agreement.

## IV. ADDITIONAL AGREEMENTS AND LEGAL NOTICES

1. You agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing

   B. Any fees, costs, advances that are currently due, but have not been billed to your account as of the Modification Effective Date shall be your responsibility to pay and in no way affects this Agreement

   C. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that you previously entered into with Lender or any prior lender

   D. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including your agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of your Loan

   E. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and you have been advised of the amount needed to fully fund your escrow account

   F. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed



G   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and you will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give you notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which you must pay all sums secured by the Mortgage. If you fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on you.

I.  That, as of the Modification Effective Date, you understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of your property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J   That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K.  You understand that you are not required to waive or release any claims and/or defenses in connection with this Agreement.

L.  That, you will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and notwithstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

M   That you will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. You understand that either a corrected Agreement or a letter agreement containing the correction will be provided to you for your signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If you elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

N.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.



1610 E. St Andrew Place, Santa Ana, CA 92705
(866) 874-5860

O. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, you will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies you against any loss associated with a demand on the Note. All documents the Lender requests of you under this Section 4.M shall be referred to as "Documents." You agree to deliver the Documents within ten (10) days after you receive the Lender's written request for such replacement.

P. That the mortgage insurance premiums on your Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which you may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

Q. The Lender acknowledges that your discharge in U.S. Bankruptcy Court for case number 13-28132 relieves you of all personal liability under the Note and Deed of Trust/Mortgage and the Lender may not attempt to collect this debt from you personally. The parties acknowledge that you retain a security interest in real property that is the principal residence of you. Pursuant to 11 U.S.C. Section 524(j), and in the ordinary course of business between the Lender and you, this Agreement is entered into in order to seek or obtain periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive your personal liability under the Note and Deed of Trust/Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage. The Lender does, however, retain the right, despite the discharge, to enforce its security interest against the Subject Real Property by foreclosing in the event of a future default.

In Witness Whereof, the Lender and you have executed this Agreement.

CARRINGTON MORTAGE SERVICES, LLC
As servicer and duly authorized agent for
U.S. BANK NATIONAL ASSOCIATON, AS TRUSTEE FOR
STANWICH MORTGAGE LOAN TRUST, SERIES 2012-9

By: _____
As Attorney in Fact

6-10-14
Date

_____
CLAUDIA MARTINS

6/18/2014
Date

_____
Date

_____[Space Below This Line For Acknowledgement]_____

July 10, 2014

CLAUDIA MARTINS
18421 SPANISH ISLES CT
BOCA RATON, FL 33496-1814

**Your New Loan Number:** 7600030486
Property Address: 18421 SPANISH ISLES CT
BOCA RATON, FL 33496

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING

Dear Mortgagor(s):

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Carrington Mortgage Services to Rushmore Loan Management Services LLC (Rushmore), effective 7/1/2014. The transfer of the servicing of your mortgage does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your previous servicer send you this notice at least 15 days before the effective date of transfer. As your new servicer, we must also send you this notice no later than 15 days after this effective date or at closing.

Your previous servicer was Carrington Mortgage Services. If you have any questions regarding the transfer of servicing from your previous servicer, call Carrington Mortgage Services Customer Service at 877-603-2777 between 7:00 am to 6:00 pm Pacific Time, Monday through Friday. This is a toll free number.

Rushmore will be your new servicer. The business addresses for your new servicer are as follows:

Correspondence Address
Rushmore Loan Management Services, LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618

Payment Address
Rushmore Loan Management Services, LLC
P.O. Box 514707
Los Angeles, CA 90051-4707

The toll free number for your new servicer Rushmore is (888) 504-6700. If you have any questions related to the transfer of servicing to Rushmore, call our Customer Service Department at (888) 504-6700 between 6:00 am and 7:00 p.m. (PT), Monday through Thursday or 6:00 a.m. and 6:00 p.m. (PT) Friday. Please have your new loan number shown above available when calling.

The date that your present servicer Carrington Mortgage Services will stop accepting your payments is 6/30/2014. The date that Rushmore will begin accepting payments from you is 7/1/2014. Send all payments due on or after that due date to your new servicer. A billing statement from Rushmore will be mailed to you within 15 to 30 days.

1

If you are currently making your mortgage payment through a third- party entity (e.g., government allotment, biweekly, or bill service), please take the necessary steps to advise them of your new loan number shown above and change the payee to your new servicer. In the event of a payment change, it is your responsibility to notify the third-party of the new payment amount.

Rushmore offers an alternative way to make your monthly payment called "pay by phone". Please call (888) 504-6700 for further information.

Important note: If you entered into an approved loss mitigation plan with your prior loan servicer, or if you had a loss mitigation application in process with your prior servicer, please call Rushmore immediately, toll-free, at (888) 504-7300, to confirm that the loss mitigation plan information, or application and documentation, were property transferred to Rushmore.

You should also be aware of the following information, which is referred to in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC §2605).

During the 60-day period following the effective date of transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late charge fee may not be assessed.

**Notice of Error Resolution & Information Request Procedures**
The following outlines the Error Resolution and Information Request Procedures for your mortgage account at Rushmore Loan Management Services LLC. (RLMS). Please keep this document for your records.

If you think an error has occurred on your mortgage account or if you need specific information about the servicing of your loan, please write us at:

Rushmore Loan Management Service, LLC
Compliance Department
P.O. Box 52262
Irvine, California 92619

All written requests for information or notices of error should contain the following information:

1. Your name
2. Account number
3. Property Address
4. Description of the error and explanation as to why you believe it is an error OR a request for specific information regarding the servicing of your loan
5. Current contact information so we may follow up with you

All written requests for specific information will be handled within 30 days of receipt. We will determine whether an error occurred within 30 days after receiving your notice of error and will correct any error promptly (Notices of error on payoff statements will be handled within 7 days). If additional time is needed to investigate your complaint or request, we may take up to 45 days but we will notify you of the extension within the original 30 days. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

**Please keep this document for your records.**

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Should you have any questions, please contact our Customer Service Department at toll-free (888) 504-6700 between the hours of 6:00 a.m. and 7:00 p.m. (PT), Monday through Thursday, or 6:00 a.m. and 6:00 p.m. (PT), Friday.

Sincerely,



Anthony Jay Molluso <jay@cvhlawgroup.com>

## Clauda Martins, Loan no 7600030486

**Stevie Glowacz** <SGlowacz@rushmorelm.com>  Thu, Aug 7, 2014 at 4:26 PM
To: Anthony Jay Molluso <jay@cvhlawgroup.com>

Since we are now servicing the loan, we have to honor the mod agreement that was extended to your client by Carrington. It's generic Service Release Agreement so it wouldn't have language about any pending loss mit workouts between the prior servicer and the borrower. I think if you file the Mod Agreement with the Motion and SRA, you should be fine.

**From:** Anthony Jay Molluso [mailto:jay@cvhlawgroup.com]
**Sent:** Thursday, August 07, 2014 9:21 AM

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]